Two objections were made by the defendant's counsel to the reading this deposition.
1. That it was taken de bene esse only, and therefore could not be read, unless the party offering it first proved that the personal attendance of the witness could not be obtained. But here it appeared that he was within reach of the process of the Court, and in sufficient health to attend.
2. That the certificate of the magistrate who took the deposition did not set forth the reasons of taking it, which is made necessary by the act of Congress.
To the first objection it was answered by the plaintiff's counsel that the manifest intention of the act is that those circumstances which authorize the taking of a deposition de bene esse should, if they exist at the time of trial, entitle it to be read. That the residence of the witness at a greater distance from the place of trial than 100 miles is, by the act, placed on the same footing with his age, infirmity, going to sea, etc., and is equally a good cause for taking his deposition de bene esse. But the age or infirmity of a witness would without doubt excuse his nonattendance, and entitle his deposition to be read; and there is good ground to infer the same of his residence at a greater distance from the place of trial than 100 miles.
This construction is greatly corroborated by that clause of the act which defines the evidence admissible on appeals; but if a contrary construction should prevail, it appeared that the plaintiff had caused the witness to be subpoenaed, which was all that could be required to enforce his attendance, and if that proved ineffectual, the deposition ought to be read.
To the second objection — that the act of Congress requires the magistrate taking a deposition to certify the reasons of taking it, in order to save the party at whose instance it is taken the trouble and expense of bringing witnesses from a great distance to prove the age, infirmity, etc., of the witness examined; but it left the party at liberty to incur this trouble and expense if he thought proper, as in taking depositions under commissions, issued from the state courts of this State, the party at whose instance the deposition is taken may procure the commissioner to *Page 624 
certify that notice of the time and place of caption was given to the adverse party; and such certificate is received by the court as conclusive evidence as to that point; but if the commissioner fail to certify, the party must establish the fact.
It appears to be the true construction of the act of Congress that those circumstances which will warrant the taking of a deposition debene esse should, if they exist at the time of trial, authorize the reading of it. But as this act is made in derogation of the common law, it must be strictly construed and literally observed. To fail in one iota of the ceremonies prescribed by it is to fail in the whole.
The act requires that the deposition shall be retained by the magistrate taking it until he deliver the same with his own hand into the court for which it is taken, or shall, together with the reasons of its being taken, and of notice, etc., be by him sealed up and directed to such court. This part of the act has not been observed; therefore, the deposition cannot be read.